## John Gauche v. Mr. and Mrs. Trautman.

Where in the distribution of a fund in the sheriff's hands, to which various persons set up claims, one of the creditors, for a sum over three hundred dollars, appeals solely from a judgment allowing another creditor two hundred and eighty-six dollars, the appeal will be dismissed, upon the ground that the appeal is for a sum below the jurisdiction of the Supreme Court. No one but the appellee can join in the appeal.

APPEAL from the First District Court of New Orleans, *Larue*, J. *C. Dufour*, for appellant. *M. M. Cohen*, for appellee. The judgment of the court *(Eustis*, C. J., absent,) was pronounced by

Preston, J. John Gauche sued the defendants for rent, and caused the effects in their store, and a lease made to them, to be sold, which produced, in the aggregate, $670 72. The court, on a rule to distribute the proceeds of the sale among several claimants, allowed the plaintiff and landlord $355, leaving for further distribution $315 72.

*P. and E. Reilly*, judgment creditors of the defendants, claimed and were allowed, as a privilege, by virtue of an attachment of that sum, $286 42. This leaves less than that what was necessary to pay the costs, $29 28.

*Bauvelet*, a judgment creditor for $559, claiming the funds in the hands of the sheriff, appealed from the judgment in favor of the *Reilleys*, and cited them alone. They move to dismiss the appeal, on the ground that the amount, in controversy, $286 42, does not give this court jurisdiction. The motion to dismiss, must prevail. It is true, that they claimed the whole amount of their judgment, out of the fund in the sheriff's hands; but they did not appeal from

the judgment in favor of *Gauche*, which being satisfied, leaves but the sum of $286 42 in the sheriff's hands, as the subject matter of controversy between the appellant and appellee. It is clear, we have no jurisdiction of the controversy. Neither party having appealed, as to the judgment in favor of *Gauche*, nor he against them.

*Gauche* has attempted, in this court, to join in the appeal, and claims a reversal of the judgment. It is reserved to appellees alone, to join in the appeal taken against them. We are unable, therefore, to consider *Gauche* a party to the appeal, or to afford him the relief he claims.

Had *Gauche* appealed, or had either party appealed, as to him the case would have been similar to that of *Colt* v. *O'Callaghan*, 2d Ann. 189. But, as the case is before us, it falls within the decision in the case of *The Second Municipality* v. *Corning & Co.*, 4th Ann. 407. The amount in the sheriff's hands, about which the parties in this court contend, is less than three hundred dollars.

The appeal is dismissed, at the costs of the appellant.